**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**JACOB SULLINGER (# K3210)**                                            **PETITIONER**

**v.**                                                                                      **No. 2:08CV47-P-A**

**LEPHER JENKINGS, ET AL.**                                              **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Jacob Sullinger for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, and Sullinger has responded. The matter is ripe for resolution. For the reasons set forth below, the state's motion to dismiss shall be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

**Facts and Procedural Posture**

Sullinger was convicted of manslaughter in the Circuit Court of DeSoto County Mississippi and sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections to be served concurrently to a previously imposed sentence in a separate case. Sullinger appealed his conviction and sentence to the Mississippi Supreme Court. The Mississippi Court of Appeals affirmed the trial court's decision. *Sullinger v. State*, 935 So.2d 1067, *reh'g. denied* May 2, 2006 (Miss. App. 2006). Sullinger then sought a writ of *certiorari* to the Mississippi Supreme Court which was denied on August 10, 2006. *Sullinger v. State*, 936 So.2d 367 (Miss. 2006). Sullinger did not seek a writ of *certiorari* to the United States Supreme Court. He filed an application for post-conviction collateral relief on November 13, 2007 (signed on November 11, 2007). The Mississippi Supreme Court denied the

application January 18, 2008.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Sullinger's conviction became final November 8, 2006 – ninety days after the Mississippi Supreme Court denied his petition for writ of *certiorari* (August 10, 2006 + 90 days)[1]. Thus, under the one-year limitations period, Sullinger's *habeas corpus* deadline expired November 8,

---

[1] Ninety days, the period during which Sullinger could have sought review in the United States Supreme Court, is added to the date on which Sullinger's direct appeal ended to determine when his conviction became final. *See* Rule of the United States Supreme Court 13(1); *see also Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003).

2007. Sullinger did not file a state application for post-conviction relief ("PCR") as contemplated by 28 U.S.C. § 2244(d)(2) on or before November 8, 2007, to toll the limitations period. As such, he does not benefit from statutory tolling. *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).

Under the "mailbox rule," Sullinger's *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on March 8, 2008, and the date it was received and stamped as "filed" in the district court on March 13, 2008. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 121 days after the November 8, 2007, filing deadline. Sullinger does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510 (5th Cir. 1999). The instant petition shall thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 11th day of June, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE