**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

JACOB SULLINGER                                                                              PETITIONER

v.                                                                                                    No. 2:08CV47-P-A

WARDEN LEPHER JENKINS, ET AL.                                                   RESPONDENTS

**ORDER DENYING PETITIONER'S MOTION**
**FOR RELIEF FROM JUDGMENT OR ORDER**

This matter comes before the court on the petitioner's motion for reconsideration of the court's June 12, 2009, memorandum opinion and final judgment dismissing the instant petition for a writ of *habeas corpus* as untimely filed. The court interprets the motion, using the liberal standard for *pro se* litigants set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), as a motion for relief from a judgment or order under FED. R. CIV. P. 60. An order granting relief under Rule 60 must be based upon: (1) clerical mistakes, (2) mistake, inadvertence, surprise, or excusable neglect, (3) newly discovered evidence, (4) fraud or other misconduct of an adverse party, (5) a void judgment, or (6) any other reason justifying relief from the operation of the order.

Sullinger argues that he became ill within the limitations period and thus should benefit from equitable tolling, rendering his petition timely. As discussed in the memorandum opinion, Sullinger's conviction became final November 8, 2006, giving him until November 8, 2007, to file his *habeas corpus* petition. The petition was not, however, filed until March 8, 2008 – 121 days after the expiration of the filing deadline. He does not say specifically when he became ill, just that it was prior to the expiration of the filing deadline. Sullinger, however, has the burden of producing evidence to support his motion for relief from judgment, and he has not done so. Equitable tolling applies only "where the [petitioner] is actively misled by the [state] about the cause of action or is prevented in some extraordinary way from asserting his rights," *Rashidi v.*

*American President Lines*, 96 F.3d 124, 128 (5th Cir.1996), or where a petitioner may have been misled by the court into believing that the limitations period may have been extended. As discussed below, however, the petitioner has not asserted "rare and exceptional circumstances" justifying the doctrine of equitable tolling, *Scott v. Johnson*, 227 F.3d at 263, and mere ignorance of the law by an incarcerated *pro se* prisoner does not justify equitable tolling of the statute of limitations. *Alexander v. Cockrell*, 294 F.3d at 630 (citing *Fisher*). In addition, Equitable tolling should only be applied if the applicant diligently pursues *habeas corpus* relief, and even a four-month delay in pursuing such relief precludes equitable tolling. *Melancon v. Kaylo*, 259 F.3d 401 (5th Cir. 2001). Sullinger has provided no evidence that his illness arose within four months of the date his conviction became final – or that his illness was serious enough to prevent him from initiating and prosecuting his petition.

Therefore, Sulliinger has neither asserted nor proven any of the specific justifications for relief from an order permitted under Rule 60. In addition, the petitioner has not presented "any other reason justifying relief from the operation" of the judgment. As such, the petitioner's request for reconsideration is **DENIED.**

**SO ORDERED,** this the 2nd day of December, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE